Wood, Judge.
No doubt is entertained by us, as a general rule, that the detection, arrest, and conviction of a felon, or the discovery and seizure, or return, of stolen property, is a good consideration to sustain a promise made on such condition. When the condition is complied with, he who performs it becomes the promisee ; the contract is then complete and executed on his part; the legal interest is vested in him, and he has the right to claim the reward, as the benefit of his exertion.
So long as the administration of criminal justice is necessary to secure the peace and safety of society, such contracts should be regarded with a favorable eye, They often stimulate to exertion, where civil duty is insufficient, in obligation, to ferret out crime, hunt down the offender, and bring him to public justice. As a civil duty, every individual is bound to use reasonable exertion to effect the punishment of crime ; but the law imposes no such obligation on the private citizen, unless called upon for assistance, by its ministerial officers; and ^an offered reward is, frequently, the only hope of remuneration [286 for a meritorious service rendered to the commonwealth.
But public officers, on whom the law casts this duty, from whom it requires exertion, and to whom it affords adequate compensation, occupy different ground.
It is an indictable offence, in them, to exact and receive any thing, but what the law allows, for the performance of their legal duties. A promise to pay thorn extra compensation is absolutely void, under the statute of Ohio. Such promise could not be enforced at common law, being against sound policy, and, quasi, extortion. English judges have declared, that such claims by them are novel in courts of justice, and that actions founded on such promises are scandalous and shameful. 2 Burr. 924; and in the Court of Errors in New York they meet with no more favor. 15 Wend. 46.
While the counsel for the plaintiff does not controvert these principles, their application to the case at bar is strenuously denied. It is said the three hundred dollars is not claimed for executing the writ, as constable, by the plaintiff. For that service he was entitled to his legal fees, without any regard to the proceeding resulting in the conviction of the accused, and the return of the money, and that this official act of his neither makes his claim to the reward better or *287 worse than it would have been, had the same official act been done by some other official personage.
But it will be seen that this view of the ease can, by no means, be sustained. It is not the case made by the declaration. The promise of the reward, as laid, is for the apprehension of the thief and money ; and this arrest of the thief, and seizure of the money, are averred to have been made by the plaintiff, by virtue of a warrant delivered to him as constable. The promise is, therefore, illegal and void. True, it is stated the plaintiff searched out the thief, and ascertained where the money was, and made the oath on which the warrant issued ; but, for this service, no promise of reward is laid. It is for the apprehension of the thief, and seizure of the money ; and as this was done in 287] virtue of his office, the plaintiff must be content *with his legal fees, and the reflection that he has done the state some service.
Demurrer sustained, and judgment for defendant.